## CRAYCROFT et al. v. CRAWFORD et al.
### (No. 9313.)

(Court of Civil Appeals of Texas. Dallas.
May 17, 1924.)

**1. Appeal and error ⬅564(5)—Plaintiffs in error held to have used due diligence to file statement of facts in time.**

Plaintiffs in error *held* to have used due diligence to obtain judge's approval and signature to statement of facts, and file it in time, so as to authorize its consideration, under Rev. St. art. 2074, though not filed in time.

**2. Appeal and error ⬅2—Act allowing extension of time for filing statements of fact, etc.; held not repealed by act as to procedure in certain courts.**

Acts 38th Leg. (1923) c. 105, amending Rev. St. title 37, by adding chapter 12a (art. 1969a, subd. 17), as to procedure in civil district courts of counties having two or more such courts, does not repeal provisions of. article 2073, allowing trial court, under certain conditions, to grant extension of time for filing statements of fact and bills of exception, especially in view of subdivision 19, declaring that general rules of procedure in other district courts shall prevail in matters not provided for in such act.

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit between Lucy Craycroft and others and Kate Lamar Crawford and others. Judgment for latter, and former bring error. On motion to strike out statement of facts. Motion denied.

Locke & Locke, of Dallas, for plaintiffs in error.

Etheridge, McCormick & Bromberg, of Dallas, for defendants in error.

JONES, C. J. Defendants in error have filed a motion to strike from the record of this case now on file in this court the statement of facts, on the ground that same was not filed in the trial court within 90 days from the overruling of the motion for new trial.

It appears from the record that the judgment of the lower court was rendered on July 6, 1923, that the plaintiffs in error's motion for new trial was overruled on July 7, 1923, and that on that date the term of the district court in which the judgment was rendered expired. The statement of facts was approved March 27, 1924, and filed by the clerk of the district court on that day, and was filed by the clerk of this court on April 2, 1924.

Jurisdiction of this court to review the judgment of the lower court is obtained by means of a writ of error. The petition for writ of error was filed with the clerk of the district court on January 3, 1924. On the same day plaintiffs in error applied to the clerk of said court for the transcript, which transcript was prepared by the clerk and delivered to plaintiffs in error on the 29th day of March, 1924. The said transcript was filed by the clerk of this court on the 1st day of April, 1924. The writ of error bond was filed with the clerk of the district court on January 3, 1924. Citation in error was issued ·and served on defendants in error on January 5, 1924.

It is thus apparent on the face of the record that, if the law heretofore controlling the time within which a statement of facts may be filed in the trial court, where a case is brought to this court by writ of error, obtains in this case, the motion is not well taken. This is conceded by defendants in error, but they urge that the preparation and filing of a statement of facts in any case, in ·which a review of a judgment of a district court of Dallas county by this court is sought to be had, either by appeal or by writ of error, is exclusively controlled by the provisions of chapter 105 of the Acts of the Regular Session of the Thirty-Eighth Legislature, which amends title 37 of Revised Civil Statutes of this state by adding chapter 12a, relating to procedure in civil district courts in counties having two or more district courts of civil jurisdiction only, and whose terms continue three months or longer. Chapter 105 of said law enacts article 1969a. The sections of said article applicable to this motion are as follows:

Article 1969a. "The following rules of practice and procedure shall govern and be followed in the civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue for three months or longer, to wit: * * *

"Subd. 17. In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for ·new trial, but if there is a motion for new trial then the statement of facts and bills of exception shall be filed within ninety days after the motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the ʼattorney of such adverse party if found correct, and if found not correct shall be returned within that time with a written statement of the objections thereto. * * *

"Subd. 19. All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this act, but shall not be affected by this act in so far as they relate to other district courts. All laws and rules of practice and procedure provided for other district courts shall

continue in effect and to operate and to be observed in the civil district courts of the class covered by this act so far as applicable to them, and not inconsistent with this act. In all trials, proceedings and matters not covered nor provided for in this act the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included within this act."

It will be noted that this law applies only to procedure in district courts, and does not purport to have any application to procedure in this court, but leaves such procedure in those cases in which it is applicable as it was before this enactment.

Article 2074 of the Revised Statutes of Texas reads:

"Whenever a statement of facts shall have been filed after the time prescribed by law, and the party tendering or filing the same shall show to the satisfaction of the Courts of Civil Appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the Court of Civil Appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time."

[1] Plaintiffs in error have filed a motion in this case under this article, praying this court to permit the statement of facts filed herein to remain on file. It is disclosed by this motion and the record in this case that, on July 7, 1923, the day on which the motion for new trial was overruled in this cause, and the last day of the term of the district court in which the cause was tried, upon an affirmative showing before the court that good cause existed for an extension of time beyond that allowed by law, the court entered an order allowing plaintiffs in error 90 days after the adjournment of the term within which to prepare and file bills of exception and statement of facts. It also appears from the record that plaintiffs in error, on several occasions, and before the time theretofore allowed had expired, presented motions to the court asking for an extension of the time, each motion containing allegations showing good grounds for such extension, and the court, after a hearing of each motion, entered an order extending the time within which such statement of facts and bills of exception could be filed, and in each order made a finding that the request for extension of time was reasonable, and that good cause for such extension existed. When the statement of facts was filed with the clerk of the district court, it was within the extended time made by the

court. The extension of time allowed by the trial court was not beyond the time allowed for filing of the statement of facts in this court for case brought here on writ of error.

The record discloses that plaintiffs in error, following the overruling of the motion for new trial by the court, at once applied to the official court stenographer for a question and answer transcript and a narrative statement of the facts of the evidence, and that the stenographer at once went to work on preparing this and worked as diligently at same as he could, consistent with his duties as court reporter; that the narrative statement of facts from the question and answer transcript was completed, indexed, bound, and delivered to plaintiffs in error on November 1, 1923; that there was no delay that could be ascribed to negligence in the preparation of the statement of facts and the work incident to its preparation by the court stenographer; that on the day this statement of facts was delivered to plaintiffs in error, they delivered' same to counsel for defendants in error; that this statement of facts was held by counsel for defendants in error from said 1st day of November until some time in February, 1924, when it was returned to plaintiffs in error, together with defendants in error's written objections to same. During the time this statement of facts was in possession of defendants in error, plaintiffs in error made repeated demand for same and were not negligent in trying to have ready for filing the completed and agreed statement of facts. The holding of the statement of facts by defendants in error appears under the record to have been entirely reasonable, and they in no way subjected themselves to criticism because of such delay. The senior counsel for defendants in error was compelled to be away a great portion of this time, and it was necessary that the statement of facts come under his direct observation.

Recognizing that the delay from November 1, 1923, could be chargeable to them, defendants in error joined in each application made from this date for the different extensions allowed by the trial court for the preparation of said statement of facts. However, previous to this date, defendants in error were in no way responsible for any delay that had occurred, and did not join in any of the previous applications for extension of time.

It is the opinion of this court that the record before us authorizes a finding that plaintiffs in error had used due diligence to obtain the approval and signature of the judge to the statement of facts, and to file the same within the time allowed by law, and that the failure to do so is not due to the fault or laches of plaintiffs in error or their attorneys, but was due to causes beyond their control, and, in consequence thereof, the statement of facts filed herein .

will be permitted to remain as a part of the record of this cause.

[2] It necessarily follows from the above holding that, in the opinion of this court, subdivision 17 of article 1969a does not repeal the provisions of article 2073, allowing the trial court, under the conditions therein named, to grant an extension of time for the filing of statements of fact and bills of exception; that the provisions of said last-named article in this respect are not inconsistent with said subdivision 17 of said article 1969a. It will be noted that in no provision of said article is there prescribed any procedure for the filing of a statement of facts in a case in which it is physically impossible for same to be filed within the time prescribed by said act. It is not believed it was the intention of the Legislature to deny parties to such a case the right of appeal, but that the Legislature intended that the same provision then in existence in reference to procedure in this respect in other courts should remain as a procedure to be observed by courts coming within the class embraced by this enactment. This is made more certain by the last sentence of subdivision 19 of said article 1969a, which, in effect, declares that, in all matters of procedure not covered nor provided for in this act, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included within this act.

' A contingency has arisen in this case that is not covered or provided for by any provision of article 1969a. Provision is made for such contingency under statutes existing at the time this said article was enacted, and we hold that these provisions of such existing statutes apply to this case.

The motion to strike out the statement of facts is denied.